*Filed in open Court this 14th day of March 2008.*

*(6)*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

**SEALED**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Criminal Action No. 08-13-JJF |
| | ) | |
| KATIE C. SINCLAIR, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OF PLEA AGREEMENT

Pursuant to discussions between the United States of America, by and through its attorneys, Colm F. Connolly, United States Attorney for the District of Delaware, and Robert F. Kravetz, Assistant United States Attorney, and the defendant, Katie C. Sinclair, by and through her attorney, Keir Bradford, Esquire, the following agreement is hereby entered into by the respective parties:

1.    The defendant agrees to waive indictment and plead guilty in the United States District Court for the District of Delaware to Count One of a Felony Information. Count One charges the defendant with forgery of the signature of a Judge of a Court of the United States, in violation of Title 18, United States Code, Section 505. The maximum penalties for Count One are five years imprisonment; a $250,000 fine; a term of supervised release of three years; and a $100.00 special assessment.

2.    In order to prove that the defendant forged the signature of a Judge of a Court of the United States, the government must prove beyond a reasonable doubt: (1) the defendant forged the signature of a judge of a Court of the United States; (2) for the purpose of authenticating any proceeding or document; (3) knowing such signature to be false or counterfeit.

3.    In connection with the parties' agreement, the defendant admits that she created a false document entitled "Discharge of Debtor Before Completion of Chapter 13 Plan." The defendant acknowledges that she knowingly forged and affixed the signature of E. Stephen Derby, United States Bankruptcy Judge for the District of Maryland, onto the document. The defendant further admits that she faxed the counterfeit form containing the forged signature from Newark, Delaware, to Lexington, Massachusetts, in connection with an attempt to convince a property owner that the defendant and her husband were no longer in Chapter 13 Bankruptcy proceedings. The defendant acknowledges that she was aware at the time that she forged Judge Derby's signature that her joint Bankruptcy proceeding had not been discharged, and that the document she faxed from Newark, Delaware contained a counterfeit signature.

4.    The defendant understands that the District Court must consider the United States Sentencing Guidelines and the factors set forth in Title 18, United States Code, Section 3553(a) in determining an appropriate sentence. At this stage (prior to the preparation of the pre-sentence report), the defendant should expect that the Government will recommend that the Court impose a sentence consistent with the sentencing range set forth by the sentencing guidelines. The defendant understands, however, that the ultimate determination of an appropriate sentence will be up to the sentencing judge. The Court may impose a sentence which exceeds, falls below, or is contained within the sentencing range prescribed by the sentencing guidelines. The defendant expressly acknowledges that if the Court imposes a sentence outside the range set forth in the sentencing guidelines, or otherwise different than the defendant expected, or contrary to the recommendation of her attorney or the United States, the defendant will not be allowed to withdraw her guilty plea on that basis.

2

5.    Provided that the United States does not learn after the entry of the defendant's guilty plea of conduct by the defendant that is inconsistent with acceptance of responsibility, the United States agrees to recommend a two-level reduction in the defendant's sentencing guideline range pursuant to U.S.S.G. § 3E1.1.

6.    The defendant agrees to pay the $100 special assessment the day of sentencing.  Should she fail to do so, the defendant agrees to enter voluntarily into the United States Bureau of Prisons' administered program known as the Inmate Financial Responsibility Program, through which the Bureau of Prisons will collect a portion of defendant's prison salary and apply it on the defendant's behalf to the payment of the outstanding debt ordered.

7.    The United States Attorney reserves the right to defend any ruling of the District Court should there be an appeal from this case.

modified only in a written document signed by all the parties; and, that any and all promises,

representations, and statements made prior to or after this Memorandum are null and void and have

no effect whatsoever.

COLM F. CONNOLLY
United States Attorney


Keir Bradford, Esquire
Attorney for Defendant

By:    Robert F. Kravetz
Assistant United States Attorney


Katie C. Sinclair
Defendant

Dated:

**AND NOW**, this ___14___ day of ___March___ 2008, the foregoing

Memorandum of Plea Agreement is hereby (accepted) (rejected) by this Court.

Hon. Joseph J. Farnan, Jr.
United States District Judge

4